STURGIS, Judge.
This is an appeal from a final decree in a suit for accounting wherein judgment in favor of the plaintiff administrator of the estate of Clara M. Yosin, deceased, was entered against the defendant administrator of the estate of Michael Yosin, deceased, in the sum of $595.00 plus court costs.
The accounting involves the handling by the defendant administrator of certain real property belonging to the beneficiaries of each estate in equal shares.
The appellants, defendants below, do not contest the right of appellees, plaintiffs below, to an accounting of the rents and profits derived during the time the property was under the management and control of the defendant administrator of the estate of Michael Yosin, deceased. Plaintiffs admit that the defendant administrator of the Michael Yosin estate was entitled to a credit of $3,259.04 covering charges and disbursements made by him in connection with the property. The issue on appeal turns on the question of the total amount of rents and profits actually received or which by the use of reasonable diligence should have been received and accounted for by the defendant administrator. Upon arriving at that figure, simple mathematics determines the net income, if any, which should then be apportioned one half to the estate of Michael Yosin and the remainder to the estate of Clara M. Yosin. This comprehends, of course, that the mentioned $3,259.04 credit is also to be apportioned between the estates.
It appears that the defendant administrator of the Michael Yosin estate exercised control and management over the property for a period of approximately four years; that there were two dwelling houses thereon, one of which was rented for a short while at $35.00 per month and the other for a longer period at $25.00 per month; that there was also a cornfield which was rented for two years for $50.00 per annum; and that for a limited period of time the defendant administrator of Michael Yosin’s estate personally occupied one of the dwellings without paying rent therefor to the estate of either decedent.
*753 Appellees’ brief recites that at final hearing they presented testimony of a licensed real estate salesman familiar with the rental value of the subject property, which afforded the chancellor a competent basis upon which he could have found that had the defendant administrator been diligent he could and should have realized a rental return of $90.00 per month during the course of his administration. Reasoning from this premise, appellees submit that the accounting was for a period of 48 months, so that the defendant should have collected $4,320 in rents rather than a sum of $714.50 actually collected, and that deducting the admitted credit of $3,259.04 there would be a balance of $1,060.96 plus interest, for which the defendant administrator should account. Appellees then point out that one half of this amount would be $530.48, and that if interest were added to that figure the decree for $595.00 is actually less than the amount due by the defendant administrator. There are two vital difficulties with this argument: First, the record is devoid of the testimony of the mentioned witness for appellees; secondly, the pertinent part of the decree appealed, reading as follows, seems to confound the pleader’s premise:
“Ordered, Adjudged, and Decreed that the defendant William D. Robbins, as administrator of the estate of Michael C. Yosin, deceased, is liable to the plaintiff Lillian A. Thrower, as administratrix of the estate of Clara M. Yosin, deceased, for rent at the rate of Thirty-five ($35.00) Dollars per month for the months of May, 1958 to November 1959, both inclusive, during which period he occupied the larger dwelling on the premises involved in this proceeding; and that the plaintiff do have and recover from the defendant on this account the sum of Five Hundred Ninety Five ($595.00) Dollars plus the cost of this proceeding, for all of which let execution issue.”
It is evident that the trial court did not adopt $90.00 per month for 48 months as the basis for the accounting of rents received or applicable, hence appellees’ analysis is inappropriate. Interpreting the decree as holding that $35.00 per month is one half of the total rents received or by the use of due diligence should have been received for a 48-month period (a deduction irreconcilable with the language employed), simple mathematics reflects that the difference between the admitted credits and the total rental thus derivable would be approximately $102.00, so that approximately $51.00 would be the total amount recoverable by plaintiffs.
The decree impliedly absolves the defendant administrator from liability for failure to properly perform his official duties and appears to base the judgment solely on a calculation of $35.00 per month for the 19-month period from May 1958 to November 1959, “both inclusive”, as reasonable rental chargeable to the defendant administrator for his personal occupancy of the larger dwelling on the premises during that period. On that predicate, however, the $595.00 judgment appears to exclude the rental fixed for the first and last months of the period specified.
The chancellor who entered the decree retired from the bench prior to hearing of a petition for rehearing filed by appellants. The petition was denied by his successor on the premise that since the final decree- fails to refer to the claim of the defendants — apparently referring to the $3,259.04 credit claimed by the defendant administrator — it must be presumed that it was either denied or taken into account in fixing the amount decreed to be due to plaintiffs. While that presumption should be indulged where the evidence permits the logical inference, it cannot be indulged in this case because the result cannot be equated with the mathematics of the uncontradicted testimony.
Other than the recitations of the quoted excerpt from the decree, the record on appeal contains no findings of fact, and in that state it is impossible to reconcile the decree in question with the facts before the chancellor.-
*754 The final decree appealed must be and it is vacated. This cause is remanded with directions to make findings and state an accounting herein, and thereupon to enter an appropriate decree in the premises.
Reversed and remanded with directions.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.